# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ADIA A. WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> CASSONE LAW OFFICES, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:20-cv-01143 <br><br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes ADIA A. WASHINGTON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CASSONE LAW OFFICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and substantial portion of the events or omissions giving rise to the claims occurred within, the Northern District of Ohio.

### PARTIES

1

1. Plaintiff is a natural person over 18 years-of-age residing in Toledo, Ohio, which lies within the Northern District of Ohio.

2. Defendant is a law firm who, upon information and belief, regularly collects or attempts to collect debts from consumers on behalf of its clients. Defendant is a limited liability company organized under the laws of the state of Ohio with its principal place of business located at 495 East Mound Street, Suite 200, Columbus, Ohio.

3. Defendant is a "person" as defined by 47 U.S.C. §153(39).

4. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

5. The instant action arises out of the nature of Defendant's attempts to collect on a consumer debt ("subject debt") said to be owed by Plaintiff.

6. Upon information and belief, after the subject debt was purportedly in default, the subject debt was charged off by the original creditor before making its way into the hands of Defendant.

7. On or about May 14, 2020, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect upon the subject debt from Plaintiff.

8. The Collection Letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

9. The top left of the Collection Letter states "Re: Insight Capital, LLC."

10. The Collection Letter goes on to inform Plaintiff that the subject debt is accruing interest and to provide the requisite disclosures pursuant to 15 U.S.C. § 1692g(a)(3)-(5).

11. As the initial written communication Plaintiff received from Defendant in connection with the subject debt, the Collection Letter was required to contain certain information about the subject debt, including the "name of the creditor to whom the [subject debt] is owed." *See* 15 U.S.C. § 1692g(a)(2).

12. Defendant's Collection Letter fails to clearly indicate the creditor to whom the subject debt is owed.

13. The Collection Letter does not identify the name of the creditor to whom the subject debt is owed.

14. Upon information and belief, the Insight Capital referenced in Defendant's letter is itself a debt collector, further confusing Plaintiff as to whether the debt was owed to Insight or the entity with whom Plaintiff initiated the subject debt.

15. By failing to identify the creditor to whom the subject debt was owed, Plaintiff was confused about to whom the subject debt was owed and whether the subject debt was legitimate.

16. Defendant's collection letter was misleading and confusing to Plaintiff as it left Plaintiff guessing as to whom the subject debt was specifically owed.

17. Defendant's numerous failures, in addition to confusing and misleading Plaintiff, similarly leaves the least sophisticated consumer in doubt about to whom an alleged debt is owed and if Defendant's collection efforts are legitimate.

18. In addition to confusing Plaintiff about the specific entity to whom the subject debt was owed, Defendant's collection letter further confused and misled Plaintiff as to the nature of the subject debt.

19. The collection letter states that "sum" of the subject debt totals $738.56.

20. Defendant's collection goes on to state: "[i]f applicable, because there may be interest, late charges and other charges that may vary from day to day, the amount due may increase after the date of this letter."

21. Thus, upon information and belief, the $738.56 represented as being the total sum of the subject debt comprises some other charges additional to the principal amount Plaintiff is said to owe in connection with the subject debt.

22. As *Fields vv. Wilber,* 383 F.3d 562 (7th Cir. 2004) instructs, debt collectors run afoul of multiple provisions of the FDCPA when they send a consumer a collection letter attempting to collect a balance which comprises both principal and some other sort of charges, yet fails to itemize or otherwise explain the charges additional to principal which comprise the overall balance of a particular debt.

23. Plaintiff's ability to go about intelligently addressing the subject debt was materially impeded by Defendant's Collection Letter given the letter's failure to provide substantive information designed to provide Plaintiff with necessary information to go about addressing the debt serving as the basis of Defendant's collection efforts.

24. Defendant's failure in this regard deceived and misled Plaintiff as to the extent of any purported liability in connection with the subject debt, as she was confused and left wondering the nature and extent of his overall liability on the subject debt, given Defendant's failure to clearly explain the subject debt.

25. Defendant's Collection Letter further deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

26. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendant's failures deprived Plaintiff of being

4

able to intelligently respond to Defendant's collection letters upon a review of clear and accurate information – an underlying interest which is at the core of the FDCPA.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and alleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor to whom the subject debt was owed in the Collection Letter. Defendant's Collection Letter misled and deceived Plaintiff, and similarly misleads and deceives the unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of

5

Defendant's collection efforts. Collection letters substantially similar to Defendant's have been found to violate the FDCPA as a matter of law. *Steffek v. Client Servs.,* 2020 U.S. App. LEXIS 1759 (7th Cir. 2020).

35. Defendant further violated §§ 1692e, e(2)(A), and e(10) through its failure to clearly and fairly communicate information about the subject debt to Plaintiff in its collection letter. Although Defendant's letter is seeking a total amount of $738.56, its failure to indicate that a portion of this balance was attributable to charges other than principal is in violation of the FDCPA. As circuit courts have stated, "debt collectors must . . . clearly and fairly communicate information about the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses . . . ." *Fields,* 383 F.3d at 565. As such, Defendant's failure to explain in its collection letter that the amount it sought included add-on expenses additional to principal is in violation of he FDCPA.

### b. Violations of FDCPA § 1692g(a)(2)

36. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

37. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point does the Collection Letter identify who the current creditor is, nor does Defendant provide any information about the originator of the subject debt or otherwise clarify how the debt wound up in its hands for collection. Such conduct violates the FDCPA as a matter of law.

WHEREFORE, Plaintiff ADIA A. WASHINGON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 26, 2020

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com